IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALLEN and PEGGY WENDT, a husband and wife, ) | |
| ) | |
| Plaintiffs, ) | No. 08 C 3612 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jeffrey Cole |
| OFFSHORE TRUST SERVICE, INC., a Florida ) | |
| Corporation; JOSHUA CRITHFIELD, an individual; ) | |
| DUANE CRITHFIELD, an individual; FOSTER & ) | |
| DUNHILL CONSULTING, INC., a Florida ) | |
| corporation; FOSTER & DUNHILL PLANNING ) | |
| SERVICES, LLC, a Florida limited liability company; ) | |
| STEPHEN DONALDSON, an individual ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

At the hearing on Mr. King's Motion to Withdraw this morning, there was a discussion about the course of future discovery and some issues that threaten to divide the parties – perhaps needlessly so. In light of that discussion it seemed to me that it might be helpful to discuss generally how future difficulties ought to be approached. First, in responding to and formulating discovery requests it is well to recall the breadth of Rule 26's treatment of the concept of relevance under the Federal Rules of Civil Procedure. That necessitates an awareness of the scope of relevancy under Rule 401 of the Federal Rules of Evidence.

Of course, at trial, all evidence must be relevant or it cannot be admitted. *See* Rule 402. *Tome v. United States*, 513 U.S. 150 (1995) recognized the broad scope to be accorded relevancy under Rule 401 and the liberal and inclusive thrust of the Federal Rules of Evidence generally.

Consistent with the Rules' approach, the Seventh Circuit has stressed that the relevancy requirement under Rule 401 is a "minimal" one. *United States v. Murzyn,* 631 F.2d 525, 529 (7th Cir.1980). Thus, the question at trial is not whether the proffered evidence has great probative weight, but whether it has "any tendency" to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *New Jersey v. T.L.O.,* 469 U.S. 325(1985); *United States v. Marks,* 816 F.2d 1207, 1211 (7th Cir.1987); *United States v. Pollard,* 790 F.2d 1309, 1312 (7th Cir.1986). As Dean McCormick has aptly phrased it, to be relevant evidence need only be a brick, not a wall. *See Thakore v. Universal Mach. Co. of Pottstown, Inc.,* 670 F.Supp.2d 705, 711 (N.D.Ill. 2009).

Even if the proposition for which it is offered still seems improbable after the evidence is considered, the proffered evidence is not necessarily irrelevant. McCormick, Evidence at 543. Doubts as to admissibility are resolved in favor of admissibility, consistent with the overall liberal thrust of the Federal Rules of Evidence. *Richman v. Sheahan,* 415 F.Supp.2d 929, 943-44 (N.D.Ill. 2006). That approach long antedated the Federal Rules of Evidence. *See United States v. Matot,* 146 F.2d 197 (2nd Cir. 1945)(Hand, J.)("It is always hard to say what reasonable people may deem logically material, and all doubts should be resolved in favor of admission, unless some definite rule, like that against hearsay, makes that impossible.").

As expansive as the definition of relevancy is under Rule 401, the standard under Rule 26 of the Federal Rules of Civil Procedure is even broader. *See Jackson v. Parker,* 2008 WL 4844747, 1 (N.D.Ill. 2008). Under Rule 26, the only question is whether the materials requested might lead to admissible evidence even though the information sought would not, itself, be admissible. This is not to say that parties are entitled to boundless discovery. The discovery rules are not a ticket,

Judge Moran has wisely observed, to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. *Vakharia v. Swedish Covenant Hosp.,* 1994 WL 75055 at *2 (N.D.Ill.1994). "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Id.* "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947).

The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153, 177 (1979). Failure to exercise that control results in enormous costs to the litigants and to the due administration of justice. *Cf. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635 (1989). *See Sommerfield v. City of Chicago,* 613 F.Supp.2d 1004, 1016 -1017 (N.D.Ill. 2009).

If the party from whom documents or interrogatory answers are requested objects to their production, that party has the burden to show why the request is improper. *See* Rule 34(b); *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495 (7th Cir.1996); *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. at 337. That burden cannot be met by a reflexive invocation of "the same baseless, often abused litany" that the requested discovery is "vague, ambiguous, overly broad, unduly burdensome," or that it is "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Swift v. First USA Bank,* 1999 WL 1212561 (N.D.Ill.1999). Despite courts' repeated admonitions that these sorts of "boilerplate" objections are ineffectual, their use continues

unabated, with the consequent institutional burdens, *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir.1996), and the needless imposition of costs on the opposing party. They are " 'tantamount to not making any objection at all.' " *E.E.O.C. v. Safeway Store, Inc.*, 2002 WL 31947153, *2-3 (N.D.Cal.2002). *See also In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295 (N.D.Ill.1997) (rejecting generic, non-specific, boilerplate objections); *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 424 (D.Conn.2005) (overruling objections that "the familiar litany that the [requests] are burdensome, oppressive or overly broad"); *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 432 (W.D.N.Y.2005) ( "generalized objections that discovery requests are vague, overly broad, or unduly burdensome are not acceptable"); *Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 190-91 (D.D.C.1998) (rejecting general boilerplate objections). *Roesberg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 297 (E.D.Pa.1980); *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y.1984); *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 422 (D.Conn.2005); *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6-7 (N.D.Ill.2006); *United Auto Insurance. v. Veluchamy*, 2010 WL 749980, 5 (N.D.Ill. 2010).

Finally, the parties should keep in mind that claims of undue burden must be supported by affirmative and compelling proof. *Ipse dixits* will not suffice. *See Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 2005 WL 1300778, *1 (N.D.Ill. 2005)(Moran, J.); *Semien v. Life Insurance. Co. of North America*, No. 03 C 4795, 2004 WL 1151608, *1 (N.D.Ill. 2004)(Kocoras, J.); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 351, 360-361 (N.D.Ill. 2005)(collecting cases).

DATE: 8/3/10    ENTERED:

4